**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARIO RENE LOPEZ CARRETO, an individual, on behalf of himself and all other plaintiffs similarly situated, known and unknown, | ) | Case No.: 1:24-cv-7024 |
| Plaintiff, | ) | Honorable Sara L. Ellis |
| v. | ) | Magistrate Judge Maria Valdez |
| BUDACKIS HOT DOG INC., an Illinois corporation d/b/a BUDACKI'S DRIVE IN, and JAE S. LEE, an individual, | ) | |
| Defendants. | ) | |

**<u>JOINT INITIAL STATUS REPORT</u>**

Plaintiff, Mario Rene Lopez Carreto, on behalf of himself and all other plaintiffs similarly situated, known and unknown, by and through his attorney, Timothy M. Nolan of the Nolan Law Office, and Defendants, Budacki's Hot Dog Inc. and Jae S. Lee, by and through their attorneys, Ryan A. Haas and Markeya A. Fowler of Chuhak & Tecson, P.C., submit the following Joint Initial Status Report.

**1. The Nature of the Case:**

A. <u>Attorneys of record</u>

*For the Plaintiff*

Timothy M. Nolan – Lead Trial
Nolan Law Office
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
(312) 322-1100
tnolan@nolanwagelaw.com

*For the Defendants*

Ryan A. Haas – Lead Trial
Markeya A. Fowler
Chuhak & Tecson, P.C.
120 S. Riverside Plaza, Ste. 1700
Chicago, IL 60606
(312) 444-9300
rhaas@chuhak.com
mfowler@chuhak.com

B. Nature of claims asserted. Plaintiff is a former cook, food preparer and cleaner at Defendants' Budacki's Drive In restaurant located on North Damen Avenue in Chicago, Illinois. Plaintiff alleges that during the three-years preceding the filing of this suit he worked a six (6) day per week schedule and worked 54 hours in individual workweeks. Plaintiff alleges further that Defendants imposed an unlawful wage payment scheme on Plaintiff in which they paid Plaintiff's wages with unreported cash and later with a combination of payroll checks and cash falsely characterized as tips all at Plaintiff's straight time wage rates thereby failing to pay a substantial amount of earned overtime premiums.

Plaintiff asserts violations by Defendants of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq*., and the Chicago Minimum Wage and Paid Sick Leave Ordinance ("CMWO"), § 6-105-010 of the Municipal Code of Chicago, and he asserts his FLSA claim as a collective action on behalf of current and former cooks, food preparers, cleaners and kitchen staff employees.

Defendants filed an answer and affirmative defenses denying many of the operative allegations including Plaintiff's hours of work performed, Defendants' failure to pay overtime, and all collective action allegations. Defendants did not assert a counterclaim.

C. Major legal and factual issues. The principal legal issues are Defendants' compliance with the FLSA, IMWL and CMWO and record-keeping obligations. The principal factual issues include the number of hours of work performed by the Plaintiff and putative class members in individual workweeks, Defendants' wage payments to the Plaintiff and putative class members, Defendants' method of wage payments, Defendants' revenue and Defendants' record-keeping.

D. Relief sought. Plaintiff seeks damages totaling not less than $63,000.00 including unpaid overtime premiums in an amount not less than $15,883.00, liquidated damages under the FLSA of a like amount, a trebling component under the IMWL and CMWO of another like amount, and interest under the IMWL in an amount not less than $15,975.00 through October, 2024.

Plaintiff also seeks attorney's fees and costs incurred in the prosecution of this action.

**2. Jurisdiction:**

A. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331; and supplemental jurisdiction over Plaintiff's state law and municipal ordinance claims pursuant to 28 U.S.C. § 1367.

**3. Status of Service:** Defendants have been served and have answered the complaint.

**4. Consent to Proceed Before a United States Magistrate Judge:** Counsel for the parties have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes including trial, and the parties do not unanimously consent to that procedure.

**5. Motions:**

A. There are no pending motions.

B. Defendants filed an answer.

**6. Case Plan:**

A. Proposed discovery plan:

(1) General type of discovery need. The parties anticipate issuing a comprehensive set of written interrogatories and requests for documents including collective action discovery. Thereafter, the parties intend to conduct approximately 4-6 oral depositions.

(2) Rule 26(a)(1) disclosures. The parties propose to exchange Rule 26(a)(1) initial disclosures on or before November 6, 2024.

(3) First date to issue discovery. The parties propose that discovery may commence immediately and may include collective action discovery.

(4) Fact discovery complete. The parties propose a fact discovery completion date of March 7, 2025.

(5) Expert discovery. The parties do not anticipate expert discovery.

(6) Dispositive motions. The parties propose that dispositive motions be filed no later than April 30, 2025.

B. Trial.

(1) A jury trial has not been requested.

(2) The parties anticipate trial will last 1-2 days.

**7. State of Settlement Discussions:**

A-B. Settlement discussions. Plaintiff tendered a written demand on September 17, 2024. It is anticipated that Defendants will respond shortly.

C. Settlement conference. The parties do not at this time request a settlement conference.

Dated: October 4, 2024

Respectfully submitted,

/s/ Timothy M. Nolan

Attorney for the Plaintiff

*For the Plaintiff*

Timothy M. Nolan
NOLAN LAW OFFICE
53 West Jackson Blvd., Ste. 1137
Chicago, IL 60604
(312) 322-1100
tnolan@nolanwagelaw.com

/s/ Ryan A. Haas
_______________________________
Attorney for the Defendants

*For the Defendants*

Ryan A. Haas
Markeya A. Fowler
Chuhak & Tecson, P.C.
120 S. Riverside Plaza, Ste. 1700
Chicago, IL 60606
(312) 444-9300
rhaas@chuhak.com
mfowler@chuhak.com